**NOT FOR PUBLICATION**

```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| DAVID RICHARD GUST, | : |
|     Plaintiff, | :   CIVIL ACTION NO. 09-3307 (MLC) |
| v. | :   **MEMORANDUM OPINION** |
| USFALCON, INC., et al., | : |
|     Defendants. | : |

**COOPER, District Judge**

The plaintiff, David Richard Gust, originally brought this action in New Jersey Superior Court against the defendants, USFalcon, Inc. ("USFalcon") and Peter von Jess, asserting claims for (1) breach of contract, (2) breach of implied covenant of good faith, and (3) tortious interference of expected economic advantage on May 27, 2009. (Dkt. entry no. 1, Notice of Removal, Ex. A, Compl. at 1, 17-19.) The defendants removed the action on July 6, 2009. (Notice of Removal.) On July 14, 2009, the Court ordered the parties to show cause why the action should not be transferred to a different district court. (Dkt. entry no. 4, 7-14-09 Order.) The plaintiff then moved to remand the action to New Jersey Superior Court and for an award of fees and costs, on August 3, 2009. (Dkt. entry no. 7, Mot. to Remand.) The defendants oppose the motion. (Dkt. entry no. 9, Def. Br. in Opposition of Mot. to Remand.) The Court determines the motion on the briefs without an oral hearing, pursuant to Federal Rule

of Civil Procedure 78(b).  For the reasons stated herein, the Court will (1) grant the part of the motion seeking remand, (2) deny the part of the motion seeking an award of fees and costs, and (3) vacate the Order to Show Cause.

## BACKGROUND

The plaintiff entered into an employment agreement with USFalcon on March 6, 2007 ("Agreement").  (Dkt. entry no. 6, von Jess Aff., Ex. A, 3-06-07 Agreement.)  The Agreement outlined the plaintiff's terms of employment, included confidentiality and non-compete provisions, and contained a forum selection clause governing jurisdiction in the event of a dispute between the parties.  (Id.)  The forum selection clause specified that in the event of such a dispute, "[t]he [p]arties . . . [would] submit to jurisdiction of a court of competent jurisdiction available to the parties."  (Id.)  The defendants allegedly terminated the plaintiff in violation of the Agreement on May 22, 2009.  (Dkt. entry no. 7, Pl. Br. in Support of Remand at 10.)

The plaintiff now moves, inter alia, to remand the action pursuant to 28 U.S.C. § 1447.  (Mot. to Remand.)  The defendants oppose the motion.  (Def. Br. in Opposition of Mot.)

## DISCUSSION

**I.   Waiver of Right of Removal Due to Forum Selection Clause**

Forum selection clauses contained in contractual agreements can serve to waive a defendant's right to remove an action to

federal court.  Foster v. Chesapeake Ins. Co., 933 F.2d 1207, 1217 (3d. Cir. 1991); Conn. Bank of Commerce v. Republic of Congo, 440 F.Supp.2d 346, 353 (D. Del. 2006); Hensel v. Terra Nova Ins. Co., No. 97-4899, 1997 U.S. Dist. LEXIS 14640, at *4 (E.D. Pa. Sept. 19, 1997).  In Foster, the Third Circuit Court of Appeals addressed the effect of a forum selection clause on a defendant's removal power.  933 F.2d at 1216-17.  The parties in that case signed an agreement containing a clause binding them to "submit to the jurisdiction of any court of competent jurisdiction."  Id. at 1216.  After the plaintiff brought an action in state court, the defendant removed it to the Eastern District of Pennsylvania.  Id. at 1210.  The Court of Appeals held, however, in reviewing the district court's decision to remand the case, that the defendant had waived the right of removal pursuant to the forum selection clause.  Id. at 1217.  That clause bound the defendant to "any court of competent jurisdiction" the plaintiff selected.  Id. at 1216-17.  As such, removal was improper and remand to state court was appropriate. Id. at 1219.

The Court of Appeals noted that a forum selection clause need not "clearly and unequivocally" express the waiver of the right of removal.  Id. at 1217 n.15   A "clear and unequivocal" standard would contradict the constrictive nature of the right of removal.  Id.  As such, language designating a "court of

3

competent jurisdiction" can be sufficient to waive a defendant's ability to remove an action.  Id. at 1217; Conn. Bank, 440 F.Supp.2d at 353 (finding forum selection clause requiring the parties "to submit to the jurisdiction of any court of competent jurisdiction within the United States" to waive defendant's right of removal).

## II. The Effect of the Forum Selection Clause on the Defendants' Right of Removal

The plaintiff here asserts that the forum selection clause in the Agreement mirrors that in Foster, and as such, serves to waive the defendants' right of removal.  (Pl. Br. in Support of Remand at 15-16.)  The defendants dispute the plaintiff's assertion, stating that no such waiver occurred.  (Def. Br. in Opposition of Mot. To Remand at 3.)  The defendants argue that the plaintiff's reliance on Foster is misguided as the forum selection clause in Foster contained additional language not included in the forum selection clause at issue.  (Id. at 5.)[1]  The defendants assert that the additional language in the Foster clause was a motivating factor in the court's determination that the defendants therein waived the right of removal. (Id. at 6.)

---

[1] In Foster, the forum selection clause stated that the parties would "submit to the jurisdiction of any court of competent jurisdiction within the United states and [would] comply with all requirements necessary to give such court jurisdiction; and all matters arising hereunder shall be determined in accordance with the law and practice of such court."  933 F.2d at 1216.

4

While the language in the Foster clause does differ from the language of the clause at issue, the additional language was not the focus of the decision in Foster. 933 F.2d at 1216-17. In finding waiver, the Foster court did not emphasize the additional language as the defendants suggest, but rather focused on the defendant's consent to the jurisdiction of any court of competent jurisdiction. Id. at 1216. Further, subsequent holdings within the Third Circuit have found waiver when analyzing language identical to that of the forum selection clause at issue here. See, e.g., Conn. Bank, 440 F.Supp.2d at 353; Hensel, 1997 U.S. Dist. LEXIS 14640, at *3. We hold that the defendants waived the right to remove the action pursuant to the forum selection clause, and the part of the plaintiff's motion seeking remand will be granted.

The Court, however, will deny the part of the motion seeking an award of fees and costs. See 28 U.S.C. § 1447(c) (stating "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal"). The Court has broad discretion over whether to require the payment of costs and expenses. See Mints v. Educ. Testing Serv., 99 F.3d 1253, 1260 (3d Cir. 1996). The issue of the propriety of removal here was not entirely straightforward, and thus there was an objectively reasonable basis for the removal.

5

**CONCLUSION**

The Court, for the reasons stated <u>supra</u>, will grant the part of the motion seeking remand.  The Court will issue an appropriate order and judgment.


    <u>   s/Mary L. Cooper   </u>
**MARY L. COOPER**
United States District Judge

Dated:    September 28, 2009